IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CRIMINAL NO. 09-40069-GPM-15 |
| TERRY JOHNSON, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On December 9, 2011, the Office of the Federal Public Defender moved for appointment of counsel after reviewing Mr. Johnson's file and determining that he might be eligible for a sentence reduction pursuant to Amendment 750 of the United States Sentencing Commission Sentencing Guidelines, which became retroactive effective on November 1, 2011 (Doc. 669). The Court did appoint the Federal Public Defender's Office to determine Mr. Johnson's eligibility for a 18 U.S.C. § 3582(c)(2) reduction (Doc. 691). Mr. Johnson's counsel now moves to withdraw and for a "no merits" statement on the basis that the retroactive amendment does not effect his sentence (Doc. 693). *See Anders v. California,* 386 U.S. 738, 744 (1967). Mr. Johnson filed a pro se motion asking the Court to stay decision on the Public Defender's "no merits" motion until the United States Supreme Court resolves whether the Fair Sentencing Act is retroactive (Doc. 694).

Mr. Johnson's relevant conduct was found to be 15.8 grams of crack cocaine (Doc. 544, adopting Doc. 496). When he was sentenced on October 18, 2010, 21 U.S.C. § 841(b)(1)(B)(iii) mandated a minimum term of incarceration of 5 years for violations involving 5 grams or more of

crack cocaine. Mr. Johnson was in fact sentenced to that statutory mandatory minimum. The Public Defender is thus correct that Mr. Johnson's sentence was not based on a subsequently-lowered guideline, and he is therefore ineligible for reduction. 18 U.S.C. § 3582(c)(2).

Were the Fair Sentencing Act ("FSA") to apply retroactively, Mr. Johnson's statutory mandatory minimum would indeed change. Under the FSA, Mr. Johnson's conduct would now need to consist of 28 grams or more of crack cocaine in order for a mandatory 5 year minimum. 21 U.S.C. § 841(b)(1)(B)(iii). The Seventh Circuit has clearly held that the FSA is not retroactive–the FSA "does not apply retroactively to conduct that occurred prior to the Act." *United States v. Campbell,* 659 F.3d 607, 609 (7th Cir. 2011), *citing United States v. Fisher,* 635 F.3d 336, 340 (7th Cir. 2011). The FSA came into effect on August 3, 2010; Mr. Johnson's criminal conduct occurred from approximately June 2007 to September 2009 (Doc. 496). The Supreme Court granted writ of certiorari in 635 F.3d 336 on November 28, 2011. *Dorsey v. United States,* No. 11-5683, 132 S.Ct. 759. Should the law in this Circuit regarding retroactivity of the FSA change, Mr. Johnson may again move for relief. As the law currently stands, counsel's motion to withdraw and for a "no merits" statement is **GRANTED** and Mr. Johnson's motion to stay pending a Supreme Court decision on FSA retroactivity is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 28, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge